UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

KAREN YADIRA RODRIGUEZ
GUTIERREZ, on behalf of herself and
on behalf of her child, J.G., et al.,

      Plaintiffs,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, et al.,

      Defendants.

Civil Action No. 18-1958 (PLF)

---

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on plaintiffs' motion [Dkt. No. 14] for limited discovery in advance of the September 20, 2018 hearing on plaintiffs' motion for a preliminary injunction seeking to enjoin defendants from separating plaintiff J.G. from his mother and grandmother pursuant to the government's zero-tolerance immigration policy.[1] The Court also has before it defendants' opposition [Dkt. No. 21] to the motion and defendants' motion to supplement their opposition [Dkt. No. 24]. Upon careful consideration of the parties' papers, the relevant legal authorities, and the entire record in this case, the Court will deny the motion for limited discovery.

      As to the parties' arguments regarding the relevant legal standard, the Court finds persuasive the reasoning of Judge John D. Bates in Guttenberg v. Emery, 26 F. Supp. 3d 88

---

[1] As the Court has previously explained, the Court intends to treat plaintiffs' motion [Dkt. No. 4] for a temporary restraining order as a motion for a preliminary injunction. See September 5, 2018 Order [Dkt. No. 11].

(D.D.C. 2014). The reasonableness standard is the more appropriate standard for assessing motions for expedited discovery, particularly in cases where the expedited discovery is related to a motion for a preliminary injunction. See id. at 97-98. Applying the reasonableness standard here, and in view of the particular circumstances of this case, the Court will deny plaintiffs' motion for limited discovery.

First, plaintiffs seek to issue interrogatories to the Office of Refugee Resettlement ("ORR") to identify the field specialist responsible for the facility where J.G. is being held. See Motion ¶ 7. Because defendants have already identified Richard Zapata as the relevant Federal Field Specialist, the request is denied. See Opposition at 2.

Second, plaintiffs seek the following discovery from non-party Crittenton Services for Children and Families ("Crittenton"), which operates the facility where J.G. is being held: (1) a corporate deposition of the Crittenton representative with knowledge of the events surrounding J.G.'s detention at Crittenton, see Motion ¶¶ 4, 6; and (2) a third-party subpoena to Crittenton for all emails relating to J.G. and the contract between Crittenton and the government with respect to the housing of J.G., see id. ¶ 5. Plaintiffs contend that they need this information to "fully understand what has happened to J.G. while in Crittenton's care," see id. ¶ 4, and to ascertain whether Crittenton has "the authority to release J.G.," see id. ¶¶ 5-6. Defendants have acknowledged, however, that the Department of Health and Human Services ("HHS"), and not Crittenton, has the authority to release J.G. See Opposition at 2. Furthermore, the allegations in the 66-page complaint [Dkt. No. 1] and the affidavit of plaintiff Karen Gutierrez (J.G.'s mother) [Dkt. No. 29-1], in combination with the declaration [Dkt. No. 19] of Federal Field Specialist Richard Zapata and the Significant Incident Report attached thereto, provide sufficient

descriptions of J.G.'s time in Crittenton's care for purposes of resolving plaintiffs' preliminary injunction motion.

Third, plaintiffs seek the following discovery from defendants and other entities responsible for enforcing federal immigration laws: (1) a request for production of documents to Attorney General Sessions for "all emails and cell phone texts related to the Zero Tolerance Policy/Family Separation Policy," see Motion ¶ 8; and (2) requests for production to ORR, HHS, the Department of Homeland Security, and the Office of the Attorney General for "all emails and documents relating to their policy regarding the release of children to their sponsor, including the changes to the policy that occurred after June 1, 2018," see id. ¶ 9. Plaintiffs assert that changes to the government's zero-tolerance immigration policy are relevant to their preliminary injunction motion, while defendants maintain that the policy is irrelevant to this case. See Opposition at 4-5. See also Defendants' Motion to Supplement Opposition [Dkt. No. 24]; Defendants' Errata to Opposition [Dkt. No. 25]. Given the breadth of these requests, and in light of the allegations in the complaint and the declaration of Federal Field Specialist Richard Zapata, expedited discovery is not warranted at this stage.

As a final matter, in their opposition, defendants state that plaintiffs have served on Attorney General Sessions and on the Director of ORR subpoenas for testimony and production of documents at the preliminary injunction hearing. See Opposition at 2. By separate order issued yesterday, the Court advised the parties that a request to quash a subpoena must be made by separate motion and may not be contained solely in an opposition to another party's motion. See September 17, 2018 Order [Dkt. No. 27].

For the foregoing reasons, it is hereby

3

ORDERED that plaintiffs' motion [Dkt. No. 14] for limited discovery in advance of the September 20, 2018 preliminary injunction hearing is DENIED.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 18, 2018